■ STANLEY H. SCHUCKMAN, Respondent, v BRESLIN REALTY No. 3 CORP. et al., Appellants. — In an action to recover commissions due under a contract of employment, defendants appeal (1) from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Delin, J.),

entered November 16, 1981, which, *inter alia,* granted plaintiff's cross motion for partial summary judgment, and (2) from an order of the same court, dated April 19, 1982, which denied their motion for leave to renew. Order and judgment entered November 16, 1981, modified, on the law, by deleting the sum of "$80,000" from the first decretal paragraph thereof and substituting therefor the sum of "$55,000" and by deleting the words "$80,000, plus one-half of the interest then accrued upon the aforesaid escrow account" from subparagraph a of the third decretal paragraph thereof and substituting therefor the words "$55,000, plus interest then accrued and attributable to that portion of the aforesaid escrow account". As so modified, order and judgment entered November 16, 1981 affirmed insofar as appealed from, without costs or disbursements. Order dated April 19, 1982, affirmed, without costs or disbursements. The papers submitted on the defendants' motion for partial summary judgment and plaintiff's cross motion for partial summary judgment disclose issues of fact respecting plaintiff's claim to one half of the defendant corporation's $50,000 brokerage commission earned in the Emigrant Savings Bank transaction. As plaintiff himself admits, the parties' written agreement to employ him as a real estate salesman was "scarcely a model of clarity". It is not possible to determine on this record whether plaintiff's services in the Emigrant Savings Bank transaction were "limited" or whether a fellow employee's services constituted "originating the negotiations of the parties to said [transaction]" by initially presenting the prospective tenant to the prospective landlord. Hence it is not possible to determine whether the provision in the agreement respecting half shares in the defendant broker's commissions is applicable. We therefore modify the order and judgment so that the half share in the Emigrant Savings Bank commission claimed by plaintiff will be retained in escrow pending resolution of the issues at the trial. Defendants' other points on appeal have been considered and found to be without merit. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.